ORDER
 

 This order addresses the substantial flow of post-decision papers filed in this case.
 

 1. Attorney Kenneth Kozel has filed a motion to disqualify all three members of the panel under 28 U.S.C. § 455(a). This motion is denied. The motion does not point to any extra-judicial source of prejudice, or any reason to believe that the members of the court have done other than react to what they learned in their review of the case. See
 
 Liteky v. United States,
 
 — U.S.-, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
 

 2. All three members of the panel have voted to deny the petition for rehearing, which is hereby denied. No judge in active service has called for a vote on the suggestion of rehearing en banc, which is rejected.
 

 3. Our decision directed Kozel to file “a list of all monetary sanctions imposed against him by any federal court, together with a statement of the amounts paid on these awards, and the dates when they were paid.” Kozel has not complied with this order. Instead he has filed a document asserting that he has paid all sanctions, but giving no details. The document continues:
 

 As to the list required by the court, Kozel invokes those fundamental rights guaranteed him and respectfully refuses to answer pursuant to his fifth amendment rights of the United States Constitution. See: United States Constitution Amendment V;
 
 In re ZISOOK,
 
 Nos. M.R. 2517, M.R. 2536, M.R. 2552 cons., Supreme Court of Illinois, 88 Ill.2d 321; 430 N.E.2d 1037; 58 Ill.Dec. 786; 30 A.L.R.4th 228, December 4, 1981, Filed, Rehearing Denied January 29,1982.
 

 The fifth amendment creates a privilege not to provide information that may incriminate the speaker or provide a link leading to incriminating evidence. See
 
 Baltimore Department of Social Services v. Bouknight,
 
 493 U.S. 549, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990). Kozel does not explain how providing the information we required might incriminate him. Sanctions are public orders; a list of sanctions entered by state and federal courts is no more covered by the privilege than is a criminal defendant’s rap sheet. As
 
 Fisher v. United States,
 
 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), holds, documents in a person’s possession fall outside the privilege. The act of production sometimes may be incriminating, by linking a person to an illegal act or verifying that incriminating documents are authentic, but Kozel does not argue that the act of producing judicial orders and payment records could incriminate him, and we therefore need not pursue the act-of-production issue. The orders themselves link Kozel to the sanctions, and they do not need authentication. (Failure to comply with judicial orders other than those to pay money may be criminal contempt, but our direction was limited to monetary sanctions.)
 

 What is more, a claim of the privilege in civil litigation may be the subject of an adverse inference, or of other appropriate responses.
 
 Allen v. Illinois,
 
 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986);
 
 Baxter v. Palmigiano,
 
 425 U.S. 308, 316-20, 96 S.Ct. 1551, 1557-59, 47 L.Ed.2d 810 (1976);
 
 Kennedy v. Mendoza-Martinez,
 
 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). Kozel’s claim of privilege makes it hard to verify whether, as he asserts, he has paid all sanctions. Our opinion warned Kozel that we would not tolerate an attorney who refuses to pay sanctions awarded against him. We are no more willing to tolerate an attorney who frustrates inquiry into whether he has complied with orders imposing sanctions. Membership in the bar creates economic opportunities but carries duties, not least among them cooperation with the court.
 

 We accordingly take the step our opinion discussed: we forthwith suspend Kozel’s privilege to practice law within this circuit. Cf.
 
 Support Systems International, Inc. v. Mack,
 
 45 F.3d 185 (7th Cir.1995). By a copy of this order, the clerk of this court, and of all seven district courts and all seven bankruptcy courts within the circuit, are instructed to return unfiled any documents Kozel tenders as counsel. This order will remain in
 
 *127
 
 force until Kozel (a) complies with our directive to furnish a list of all sanctions, and (b) demonstrates that all sanctions have been paid in full. Any attempt by Kozel to practice law in the federal courts of this circuit directly, or by proxy, while this order is in effect, will be treated as contempt of court.
 

 4. Our opinion directed Kozel to show cause why he should not be sanctioned under Fed.R.App.P. 38 for filing a frivolous appeal. He has filed a response; Dornik has filed a mirror-image motion seeking an award of sanctions, to which Kozel has replied.
 

 “An appeal is ‘frivolous’ when the result is foreordained by the lack of substance to the appellant’s arguments. [Citations omitted.] The standard depends on the work product: neither the lawyer’s state of mind nor the preparation behind the appeal matter.”
 
 Mars Steel Corp. v. Continental Bank, N.A.,
 
 880 F.2d 928, 938 (7th Cir.1989) (en banc). We conclude that Kozel’s appeal was frivolous, substantially for the reasons stated in our earlier opinion. The challenge to the bankruptcy judge’s order was doomed for three independent reasons (lack of jurisdiction in the district court, Kozel’s failure to file a timely brief, and the lack of merit to the contentions), and the challenge to the district court’s order was equally weak. Although Kozel presented many arguments, only one called for discussion — and then only to show that the case on which Kozel principally relied was no longer authoritative in light of the 1980 amendment to 28 U.S.C. § 1927, which Kozel had ignored.
 

 None of the arguments in Kozel’s response persuades us that the appeal had any prospect of success. Indeed, the arguments are by and large irrelevant. For example, Kozel’s first argument is that a sanction is inappropriate because “it would be based on testimonial evidence elicited from Maurice in violation of District Court Rule 3.00B by Dornik’s attorney, who was not admitted to the District Court trial bar.” Whether Dornik’s lawyer is a member of the district court’s trial bar is beside the point; Rule 38 deals with Kozel’s conduct in the court of appeals, not with Dornik’s represen-tation in the district court. The questions on appeal had to do with the district court’s jurisdiction and substantive decisions, not with whether the proceedings were matters within the scope of the district court’s trial-bar rule. And it ill behooves a lawyer who was sanctioned for taking an appeal against his client’s wishes to complain that this caused someone who was not a member of the trial bar to appear to set things straight. The trial-bar rule is designed to protect the lawyer’s client (in this case, Dornik), and the judicial system, not the client’s adversaries. More experienced lawyers are more expensive, so Kozel is the beneficiary of the district court’s decision to let Dornik appear by counsel of his choice, rather than requiring Dor-nik — the victim of Maurice’s fraud, still trying to collect — to dig still deeper into his pockets.
 

 Kozel’s response teems with the sort of baseless assertions that led us to express concern in our original opinion. Take, for example, his argument No. 7, which reads, in full: “FRAP 48 requires the appointment of a special master by this court to consider attorney fee applications.” No quotation from the rule, no citation of a case, no development by argument. No surprise, because Rule 48 begins: “A court of appeals
 
 may
 
 appoint a special master to hold hearings,
 
 if necessary,
 
 and to make recommendations as to factual findings and disposition in matters ancillary to proceedings in the court.” [Emphasis added.] Rule 48 never “requires” the appointment of a master.
 

 Then there is argument No. 8, reading, again in full: “A sanction entered in respect of FRAP 38 is in the nature of contempt. A contempt sanction cannot exceed $500.00 unless a jury trial is provided.
 
 Bloom v. Illinois,
 
 88 S.Ct. 1477 (1968).”
 
 Bloom
 
 has nothing to do with Rule 38. For the critical proposition — that a sanction under Rule 38 “is in the nature of contempt”— Kozel neither cites a case nor makes an argument.
 

 There are two steps. First, is a particular order one in the nature of contempt? Second, is it civil or criminal? Let us start with the latter. A monetary penalty
 
 *128
 
 for a wrong committed in federal court is civil in nature, if the payment is designed to compensate for harm done. See
 
 United Mine Workers v. Bagwell,
 
 — U.S.-, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994), for an exhaustive discussion of the difference between civil and criminal contempt. Sanctions under Rule 38 usually are compensatory and are paid to the opposing party, putting them on the civil side of the line. The procedures
 
 Bloom
 
 requires for criminal contempt are accordingly inapplicable. And even for criminal contempts, a small fine ($500, or even $5,000) does not automatically lead to a jury trial. See
 
 Doe v. Maywood Housing Authority,
 
 71 F.3d 1294 (1995).
 

 Is a Rule 38 sanction in the nature of contempt to begin with? One could cite cases such as
 
 Alpern v. Lieb,
 
 11 F.3d 689 (7th Cir.1993), in indirect support of this proposition.
 
 Alpem
 
 holds that sanctions awarded in federal litigation are not covered by the automatic stay in bankruptcy, because it has a regulatory component in addition to the compensatory component. This is some distance, however, from equating it to a fine for contempt of court — which entails a violation of a judicial order, rather than a waste of time by taking frivolous steps, the domain of Rule 38. Ability to impose sanctions for acts that impose needless costs on other litigants is a longstanding power of federal courts. See
 
 Chambers v. NASCO, Inc.,
 
 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991);
 
 Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,
 
 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Kozel has not cited any ease holding that sanctions for frivolous litigation are a species of “contempt,” let alone of criminal contempt. We are not aware of any such case.
 

 It is unnecessary to analyze the remainder of Kozel’s arguments, many of which were dealt with in the initial opinion. We have looked at these three only to illustrate Ko-zel’s approach to litigation: fire the buckshot and hope something hits. Counsel must do the research and restrict their arguments to those with some support; Kozel’s strategy in responding to our Rule 38 order, far from aiding his cause, persuades us that his entire approach to this litigation was and remains frivolous.
 

 Dornik submits that his costs and legal expenses of responding to Kozel’s appeal are $5,181. Given the number of issues raised in Kozel’s brief on appeal — most of which were presented without development, forcing his adversary to undertake the burden of research — that figure is apt. Kozel’s objections are unpersuasive. Accordingly, we order Kozel to pay $5,181 to Maurice as a sanction under Rule 38, plus double costs, for a total of $5,301. Although it should not be necessary to do so, we add that this sum, like any other monetary order entered by a federal court, is due immediately. Payment of this sum (or the posting of a supersedeas bond to secure it, pending a petition for certiorari) is among the conditions Kozel must satisfy before we will lift the order entered under Paragraph 3 above.
 

 5. Kozel has filed a motion for a “bill of particulars” concerning our notice under Fed.R.App.P. 46. That rule does not require a “bill of particulars,” and the motion is denied. Our initial opinion, and this order, illustrate the nature of our concerns about Kozel’s fitness to practice law.
 

 6. Kozel begins his response to the Rule 46 order with a request for a hearing. That is his right, and the court will schedule a hearing in due course. We will postpone any discussion of the Rule 46 matter until after the hearing. Kozel must be aware, however, that this hearing has nothing to do with whether Maurice testified truthfully, whether Dornik’s lawyer is a member of the district court’s trial bar, and so on. The question for decision is Kozel’s own fitness to practice law as a member of this court’s bar.
 

 ORDER
 

 On consideration of the MOTION TO RECONSIDER AND LIFT THE ORDER OF THIS COURT ENTERED ON DECEMBER 11, 1995, SUSPENDING KOZEL’S RIGHT TO PRACTICE LAW IN ALL COURTS OF THE 7TH CIRCUIT, filed on December 21, 1995, by pro se Attorney Kenneth A. Kozel,
 

 
 *129
 
 IT IS ORDERED that the motion is GRANTED and the order of suspension is lifted.