**Jesse ROBINSON, Plaintiff,**

v.

**P. GREGORY, et al., Defendants.**

**No. IP 95–1614–C H/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 12, 1996.

---

Jesse Robinson, plaintiff pro se, Plainfield, Indiana.

David L. Steiner, Office of the Indiana Attorney General, Indianapolis, Indiana, for defendants.

### ENTRY

HAMILTON, District Judge.

Plaintiff Jesse Robinson is incarcerated at the Indiana Youth Center in Plainfield, Indiana. In this action he has sued several prison officials, alleging that they have improperly screened and sometimes confiscated his incoming mail and have failed to provide an appropriate grievance procedure to deal with these wrongs. He seeks injunctive relief and several million dollars in damages. Robinson has moved to disqualify the assigned district judge. His motion raises an issue about the ability of *pro se* litigants to use the judicial disqualification mechanisms of 28 U.S.C. § 144, which requires, among other things, a certificate of "good faith" signed by "counsel of record." The court denies Robinson's motion to disqualify because his allegations do not satisfy the standards of Section 144 and because, as a *pro se* litigant, he has not complied with and cannot comply with the requirement of a certificate of good faith signed by counsel of record.[1]

The plaintiff seeks the disqualification of the assigned district judge, alleging that the court's prior rulings in this case show that the assigned judge is biased against him. This assertion, in turn, rests on the claim that Mr. Steiner has not entered an appearance on behalf of the defendants and that the court has erroneously treated Mr. Steiner as counsel for the defendants. Plaintiff's motion is based upon a factual error. The court's records reflect that Mr. Steiner entered a written appearance for the defendants on April 19, 1996. Although that appearance reflects a copy having been sent to

plaintiff at the time, the clerk shall send to plaintiff with a copy of this Entry a copy of Mr. Steiner's appearance bearing the clerk's file-stamp to respond to plaintiff's concerns about whether a proper appearance was entered.

Plaintiff's factual error does not necessarily dispose of his motion to disqualify the undersigned judge. Plaintiff has clearly attempted to comply with the requirements of 28 U.S.C. § 144, which (along with 28 U.S.C. § 455) governs disqualification of federal judges. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff's motion states in part: "This is my affidavit, which specifies the specific facts supporting my motion to disqualify the above judge. I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT." Plaintiff has attached to his motion a "Certificate of Good Faith" which states: "I, JESSE E. ROBINSON, *pro se,* the undersigned certify and affirm in good faith that this motion is made in good faith as the Judge may become a witness in this case due to the personal biased [sic] against me and that the allegations are true and correct."

---

1. Plaintiff has also filed what he calls a motion for filed and certified documents in this case. That motion is **granted** to the extent that plaintiff shall be supplied with a copy of the docket sheet in this action. The information which can be discerned from the docket sheet will supply him with the information he seeks through his motion for documents.

When a judge receives a timely motion under Section 144, the judge must evaluate the sufficiency of the motion and affidavit, but not their truth or falsity. The judge must disqualify himself or herself if the motion alleges facts sufficient to show judicial bias, even if the judge knows the factual allegations to be false. *E.g., United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir.1990); *United States v. Jeffers*, 532 F.2d 1101, 1112 (7th Cir.1976), *vacated in part on other grounds*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). At the same time, however, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir.1985)). In addition, the Seventh Circuit has instructed, because Section 144 is weighted in favor of recusal, its requirements must be construed strictly to prevent abuse. *Sykes*, 7 F.3d at 1339. Applying these standards, this initial review of plaintiff's motion pursuant to Section 144 shows that it must be denied for two independent reasons.

First, the only asserted grounds for disqualification are based on the plaintiff's disagreement with the court's rulings on some early motions filed by the parties. The motion to disqualify and affidavit identify no grounds for any sort of personal bias against plaintiff. The courts have repeatedly made it clear that judicial rulings alone almost never constitute a valid basis for disqualifying the judge. Such rulings "are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Accord, *e.g., In re Maurice*, 73 F.3d 124, 126 (7th Cir. 1995) (motion under 28 U.S.C. § 455 denied where it did not point to any extra-judicial source of prejudice or any reason to believe members of court did anything other than react to what they learned in preparing to decide case); *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C.Cir.1995); *In re Gulph Woods Corp.*, 189 B.R. 320, 322 (E.D.Pa. 1995). Plaintiff's motion fails to identify any

basis for disqualification other than his vehement disagreement with a few earlier rulings in this action. The motion is therefore insufficient to require disqualification under 28 U.S.C. § 144.

Second, Robinson's motion fails to satisfy the requirements of Section 144 because it lacks the required certificate of good faith from "counsel of record." Robinson has signed and filed his own certificate of good faith, but he has no lawyer and no counsel of record has signed a certificate of good faith. The statutory language of Section 144 appears to prevent a *pro se* litigant from using Section 144 to obtain disqualification of the presiding judge. Judge Murrah wrote for the Tenth Circuit:

> The purpose of this section is to secure for all litigants a fair and impartial trial before a tribunal completely divested of any personal bias or prejudice, either for or against any part to the proceedings, and it is the duty of all courts to scrupulously adhere to this admonition and to guard against any appearance of personal bias or prejudice which might generate in the minds of litigants a well-grounded belief that the presiding judge is for any reason personally biased or prejudiced against their cause. *But the statute, by its own terms, provides a safeguard against the abuse of the privilege granted by the statute, and that well-founded safeguard is the requirement that the affidavit must be accompanied by a certificate of counsel of record, and without which the affidavit is ineffectual to disqualify the judge. This requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant.*

*Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir.1942) (emphasis added).

Although a *pro se* litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144.[2] First, the statutory language is quite

---

**2.** Some published opinions seem to assume that a *pro se* litigant who has had no "counsel of

plain in requiring a certificate from "counsel of record." The Seventh Circuit, like other circuits, has stressed the importance of strict enforcement of the procedural and substantive requirements of Section 144. *E.g., Sykes,* 7 F.3d at 1339. Second, although standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section 144 strikes a balance by providing both powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse. As Judge Murrah explained *in Mitchell,* the requirement in Section 144 assumes that a member of the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. *Mitchell,* 126 F.2d at 552. That assumption may be based on both a confident faith in the integrity of the bar and perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused. If a *pro se* litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost. Third, *pro se* litigants have other effective mechanisms available to protect them from biased judges. Most important, they can raise exactly the same issues under 28 U.S.C. § 455. If they cannot use Section 144, all they will lose is the automatic disqualification that occurs under Section 144.

▇▇▇▇ Because Robinson cannot invoke the procedures of Section 144, his motion should also be evaluated under 28 U.S.C. § 455(a). The test under Section 455(a) is an objective one, based on all relevant circumstances. *Liteky,* 510 U.S. at ——; 114 S.Ct. at 1154. "[W]hat matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.'" *Id.* However, dis-

qualification under Section 455(a) may not be based upon a mere disagreement with a judge's prior rulings in the case. As the Supreme Court pointed out in *Liteky v. United States,* judicial rulings alone "almost never constitute [a] valid basis for a bias or partiality motion." 510 U.S. at ——; 114 S.Ct. at 1157. In *Liteky* the Supreme Court left the door open for disqualification on such grounds in "the rarest circumstances," where a ruling shows a deep-seated favoritism or antagonism that makes fair judgment impossible, or where a ruling shows that it derives from an extra-judicial source. *Id.* Those rare and narrow exceptions are not applicable here. In this case, Robinson has alleged only disagreement with the court's prior rulings. The remedy for such disagreement is appeal, not disqualification of the presiding judge.

For these reasons, Robinson's motion to disqualify the undersigned judge is hereby DENIED.

So ordered.

---

record" may provide his own certificate of good faith. See *Kersh v. Borden Chem.,* 689 F.Supp. 1457, 1459–60 (E.D.Mich.1988) (denying disqualification under § 144 because *pro se* litigant failed to provide certificate of good faith); *In re Beecher,* 50 F.Supp. 530, 531 (E.D.Wash.1943)

(omission of counsel's certificate of good faith "probably is not fatal" because litigant had not been represented by counsel for six months). However, this court has found no decisions squarely deciding either way the ability of a *pro se* litigant to invoke Section 144.