**In re: George C. HOOK, Petitioner–Appellant.**

**No. 00–3092.**

United States Court of Appeals, Seventh Circuit.

---

Submitted Feb. 5, 2001 *.

Decided Feb. 5, 2001.

Rehearing and Rehearing en Banc Denied March 5, 2001.

never properly joined as a defendant in this case.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. EASTERBROOK, Hon. MANION, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

The Illinois Supreme Court suspended attorney George C. Hook after his 1998 convictions for three counts of mail fraud, three counts of money laundering, and theft from an ERISA fund. Chief Judge Joe Billy McDade of the Central District of Illinois instituted reciprocal disciplinary proceedings and ordered Hook to show cause why he should not be suspended from practice in the district. Rather than respond, Hook engaged in an extensive motions practice seeking the disqualification of Judge McDade and, later, Judge Michael C. Mihm, and twice unsuccessfully sought writs of mandamus from this court. Hook never responded to the disciplinary charge, however, and the district court eventually suspended him. Hook appeals, and we affirm.

The facts surrounding Hook's indictment and convictions appear in our opinions denying a writ of mandamus to compel Judge McDade to recuse himself from the criminal case, *Hook v. McDade*, 89 F.3d 350 (7th Cir.1996) ("*Hook I*"), and affirming Hook's convictions, *United States v. Hook*, 195 F.3d 299 (7th Cir.1999)

("*Hook II*"). While Hook's direct appeal was pending before us the Illinois Supreme Court ordered him to show cause why he should not be suspended from the practice of law for committing a crime involving fraud or moral turpitude. *See* Ill. S.Ct. R. 761(b). After we affirmed, the Illinois Supreme Court enforced its Rule to Show Cause, suspended him, and forwarded a copy of the order to Judge McDade. Central District of Illinois Local Rule 83.6(A) provides for reciprocal discipline of members of the district's bar, and Judge McDade directed Hook to show cause why he should not be suspended from practice in the district and ordered a response by February 11, 2000.

Hook immediately moved to disqualify Judge McDade under 28 U.S.C. § 455. This was not the first time Hook had accused Judge McDade of bias. Shortly after Hook's indictment, he sought to recuse Judge McDade on the ground that the judge's wife, attorney Mary McDade, had once been retained by one of Hook's clients to review Hook's billing practices and in the process accused Hook of legal malpractice. Judge McDade declined to step aside from Hook's criminal trial, and Hook sought a writ of mandamus. We denied the petition, *see Hook I*, 89 F.3d 350, but Judge McDade later recused himself anyway and reassigned Hook's criminal trial to Judge Mihm.

Judge McDade still did not believe he harbored any bias when Hook moved to disqualify him from this matter. But in the interest of "pain avoidance" and "with apologies to my brethren on the bench," he granted Hook's motion and reassigned Hook's disciplinary proceeding to Judge Mihm. Hook then moved to disqualify Judge Mihm under § 455 on the basis that Judge Mihm had demonstrated a "deep-seated" bias while presiding over his criminal trial. Hook's criminal trial was

lengthy and acrimonious. Hook spent a good portion of his time filing pretrial motions, and Judge Mihm denied almost all of them. In his direct appeal from his convictions, Hook argued that the cumulative effect of Judge Mihm's rulings denied him the right to effectively raise a defense. We disagreed and affirmed. *See Hook II,* 195 F.3d at 308–310.

Judge Mihm concluded that Hook's complaints were nothing more than disagreement with the court's earlier rulings, denied the disqualification motion, and extended the deadline for Hook to respond to the Rule to Show Cause. Hook requested reconsideration; Judge Mihm declined and further extended the deadline to respond. But rather than respond, Hook petitioned this court for a writ of mandamus to compel Judge Mihm to step aside. A motions panel denied the petition on May 2, 2000. Hook then returned to the district court and filed an affidavit under 28 U.S.C. § 144 to disqualify Judge Mihm raising substantially the same grounds as his § 455 motion. Judge Mihm rejected the affidavit as untimely and meritless. He then gave Hook one final deadline—until June 26, 2000—to file his response, and admonished Hook that if he didn't the court would presume that Hook did not oppose suspension. Hook ignored this deadline too and instead petitioned once more for a writ of mandamus. We denied his petition on July 12, 2000, and the following day the district court suspended him from practice in the Central District of Illinois.

■ Before us now Hook argues that his constitutional rights were violated because he was not allowed to meaningfully respond to the Rule to Show Cause and was disciplined by a biased decision maker. The underlying basis for discipline is for Hook merely an aside—he asserts only briefly and without legal argument that

the Illinois Supreme Court wrongly disciplined him because his criminal convictions were rendered by a biased judge, and that the supreme court's order was not an adequate basis for suspending him in the Central District of Illinois. We lack jurisdiction to review Hook's attack on the Illinois Supreme Court's decision to discipline him, *Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir.1999); *Levin v. Attorney Registration & Disciplinary Comm'n,* 74 F.3d 763, 766–67 (7th Cir. 1996), and Hook has waived the issue whether the Illinois disciplinary action formed a sufficient basis for suspending him from federal practice by failing to raise the argument in his brief, *Hentosh v. Herman M. Finch Univ. of Health Sciences/Chicago Med. Sch.,* 167 F.3d 1170, 1173 (7th Cir.1999); Fed. R.App. P. 28(a)(9)(A).

■ Hook's claim that he was denied an opportunity to respond to the disciplinary charges is frivolous. We review the district court's decision to hold Hook to its deadline for abuse of discretion. *Reales v. Consol. Rail Corp.,* 84 F.3d 993, 996 (7th Cir.1996). Although Hook never requested extra time to submit his response, the district court gave him five extensions and unequivocally warned him that the fifth would be the last. Hook argues that the district court should have given him more time once his attempts to remove Judge Mihm were authoritatively rejected by this court. But considering the substantial similarity between Hook's § 455 motion and his § 144 affidavit, he ought to have seen the handwriting on the wall after we denied his first mandamus petition. Moreover, we affirmed the adverse rulings at the heart of Hook's latest disqualification motions when we affirmed his convictions. Hook's refusal to accept the rulings of eight federal judges on the same essential question did not excuse his failure to re-

spond to the district court's order. The district court did not abuse its discretion.

We are left then with the question whether Judge Mihm should have recused himself. Hook did not specify which subsections of § 455 he thought applied. His motion to recuse Judge McDade specified subsections (a) and (b), so we'll assume both in this instance. A petition for mandamus is the only means of appellate review of an adverse ruling under § 455(a). *United States v. Horton,* 98 F.3d 313, 316 (7th Cir.1996). Because Hook already sought mandamus and does not even argue that we applied an incorrect standard in denying that petition, we cannot revisit its merits. *United States v. Boyd,* 208 F.3d 638, 646 (7th Cir.2000).

To the extent that Hook's first motion to recuse Judge Mihm arose under § 455(b), we review its rejection *de novo. Hook I,* 89 F.3d at 353–54. Section 455(b)(1) requires a judge to recuse himself "where he has a personal bias or prejudice concerning a party." This language mirrors that of § 144, and our analysis under both sections is identical. *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir.1985). But our ability to review Hook's claim gets him nowhere. The substance of his § 455 motion and § 144 affidavit are identical: Hook believes that Judge Mihm was "hell bent" to convict him as manifested by his many adverse rulings prompted by Hook's many meritless motions during his criminal trial. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), and Hook points to no extra-judicial source of prejudice or any reason to believe that

Judge Mihm did anything but react to what he learned in Hook's cases, *see Matter of Maurice,* 73 F.3d 124, 126 (7th Cir. 1995). Hook tries to get around *Liteky* by arguing that it was Judge Mihm's manner of ruling rather than his decisions that demonstrated his bias. We rejected this argument before, and its repetition makes it frivolous.

This appeal demonstrates the kind of obstinacy that Federal Rule of Appellate Procedure 38 does not countenance. *Berwick Grain Co., Inc. v. Illinois Dep't of Agric.,* 217 F.3d 502, 505 (7th Cir.2000). The judgment of the district court is AFFIRMED. George C. Hook is directed to SHOW CAUSE within 30 days of the date of this order why he should not be sanctioned for filing a frivolous appeal.