Carman Y. WILLIAMS, Plaintiff,

v.

NEW YORK CITY HOUSING
AUTHORITY, et al.,
Defendants.

No. 02CIV4473LMMRLE.

United States District Court,
S.D. New York.

Sept. 25, 2003.

Carman Y. Williams, New York City, Pro se.

Lanny R. Alexander, New York City, Donovan L. Wickline, Law Offices of Donovan Wickline, PC, Lanny R. Alexander, New York City Housing Authority, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

ELLIS, United States Magistrate Judge.

Pro se plaintiff Carman Y. Williams submitted an Affidavit of Bias or Prejudice under 28 U.S.C. § 144 ("Pl.Aff.") on September 5, 2003, seeking the Court's removal from the present case. A certificate of good faith signed by Williams, who is not a licensed attorney, accompanied this affidavit. In the affidavit, Williams states that the Court's bias and prejudice in favor of the defendants, and against her, have thwarted her case. As orally indicated in a conference on September 15, 2003, and for the reasons that follow, Williams's application is denied.

## I. BACKGROUND

Williams alleges that the Court's communications with counsel for defendants during a conference in February 2003, at which Williams failed to appear, resulted in prejudice against her. Pl. Aff. at 2. She appears to indicate that such prejudice resulted in disrespectful treatment by the Court. In particular, she states that during a later conference, the Court "abruptly turned away while I was in mid-sentence to speak with his law clerk." *Id.* She also claims that the Court has impeded her ability to obtain depositions of a third party and a defendant in the case. *Id.* at 3. She alleges additional impediments, claiming the return of unopened letters that she sent to the Court through the Pro Se Office. *Id.* She also states that one of my former law clerks, with whom she claims to have interned at the Port Authority of New York and New Jersey, should have recused himself from her case. *Id.* at 3–4. Williams did not appear at a scheduled September 15, 2003 conference before the Court and did not submit any explanation or request for an adjournment.

## II. DISCUSSION

Section 144 of Chapter 28 of the United States Code states that when a party files an affidavit that the judge in the pending matter "has a personal bias or prejudice either against him or in favor of any adverse party," that judge shall not continue in the proceeding, and that another judge shall be assigned to the matter. It further states that the affidavit shall include the facts and reasons for the party's belief, and that it shall be accompanied by a certificate of counsel of record stating that the affidavit is made in good faith. 28 U.S.C. § 144.

Though the language of Section 144 appears to indicate otherwise, submitting an affidavit to the Court under this provision does not yield automatic recusal of the judge on the matter. *See* 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3551 (2003). As the Second Circuit has stated,

the "mere filing of an affidavit of prejudice does not require a judge to recuse himself." *Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978). Instead, the judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily. *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir.1966). The Second Circuit has articulated a standard for legal sufficiency under Section 144: "an affidavit must show 'the objectionable inclination or disposition of the judge'; it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Id.* at 798 (quoting *Berger v. United States*, 255 U.S. 22, 33–35, 41 S.Ct. 230, 65 L.Ed. 481 (1921)).

 In addition to reviewing the affidavit for legal sufficiency, the Court must "strictly scrutinize[ ]" the form of the affidavit. *Lamborn v. Dittmer*, 726 F.Supp. 510, 514 (S.D.N.Y.1989) (citing *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir.1972)). Deficiencies in form alone can be grounds for denying a party's motion. *See id.* at 515; *Brawer v. United States*, 462 F.Supp. 739, 744. The section requires that an affidavit be accompanied by a certificate of counsel of record. 28 U.S.C. § 144. Since the court must accept all facts included in the affidavit as true, *Rosen*, 357 F.2d at 797, the certificate provides a safeguard that counsel of record can attest to the facts alleged by the affiant as being accurate. *See Lamborn v. Dittmer*, 726 F.Supp. at 515. As the court noted in *Brawer*, a disqualification request that is not accompanied by a certificate of counsel of record may fail solely for that reason. 462 F.Supp. at 744.

 A pro se party cannot supply a certificate of counsel. For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144. *See Robinson v. Gregory*, 929 F.Supp. 334, 337–38 (S.D.Ind.1996). The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. *Id.* at 338. In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants). Williams's affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

 Because the impartiality of the Court has been brought into question, however, it is important to assess the merits of Williams's allegations. *See Paschall v. Mayone*, 454 F.Supp. 1289, 1300 (S.D.N.Y.1978). Assuming that the facts included in her affidavit are accurate, Williams's affidavit is legally insufficient to require disqualification under Section 144. First, Williams is unable to articulate any affirmative bias or prejudice displayed by this Court. Her allegation that a conference at which she was not present led to the Court's prejudice against her is unsubstantiated and merely speculatory. Pl. Aff. at 2. She also asserts that the conference constituted ex parte communications with the defendants in the case. Williams, however, was aware of the conference, did not appear, and failed to seek a timely adjournment.

 Second, the impediments that Williams lists as evidence of bias or prejudice are explained by legitimate actions of the Court. Her request to depose a third party was denied by both this Court and the district judge. *See* Orders Dated April 3, 2003, May 20, 2003. Williams raised an

issue regarding access to a defendant for deposition in a July 1, 2003 letter to the Court. Because she has not appeared at a scheduled conference since that time, there has been no opportunity to follow up on this issue. Williams's assertion, that letters that she sent to the Court through the Pro Se Office were returned unopened appears to refer to documents that she attempted to file under seal earlier this year. The correspondence was returned to her by the Pro Se Office with an explanatory letter because she had not yet received the Court's permission to file documents under seal. Judge McKenna subsequently granted her this permission in part on July 11, 2003.

■ Williams erroneously states that she and my former law clerk were interns together. Even if her assertion were true, she does not articulate a link between this fact and any harm to her case. Past working relationships between members of the Court and parties appearing before it are a common occurrence, and only raise a necessity for recusal if the law clerk possesses personal knowledge of disputed facts, has a financial interest in the controversy, or exhibits some other personal bias or prejudice, among other factors. *See* CODE OF CONDUCT FOR JUDICIAL EMPLOYEES Canon 3(F)(2)(a) (1995) (listing restrictions on law clerks due to conflicts of interest). Williams has presented no evidence in this regard. Finally, speaking with a law clerk during a conference is a routine and often necessary behavior of the Court.

Based on the above factual allegations, there are no grounds for considering any of the above issues raised by Williams as evidence of the "objectionable inclination or disposition of the judge." *Rosen v. Sugarman,* 357 F.2d at 798. None of the facts she asserts, alone or cumulatively, provides " 'fair support to the charge of a

bent of mind that may prevent or impede impartiality of judgment.' " *Id.*

## III. CONCLUSION

In light of the foregoing, Williams's affidavit is **DENIED.**