Carman Y. WILLIAMS, Plaintiff,

v.

Florentino HERNANDEZ, as Chairman of the New York City Housing Authority, et al., Defendants.

No. 02 Civ. 4473(LMM)(RLE).

United States District Court, S.D. New York.

May 25, 2004.

19. *See id.* at 62.

Carman Y. Williams, New York City, pro se.

Lanny R. Alexander, New York City, Donavan L. Wickline, Law Offices of Donavan Wickline, P.C., Brooklyn, NY, for defendants.

## MEMORANDUM OPINION AND ORDER

ELLIS, United States Magistrate Judge.

Plaintiff Carman Y. Williams has submitted to the Court a motion to compel responses to various discovery requests from defendant Frederick H.A. Assanah ("Assanah") and an application for the Court to enter a confidentiality order to shield from disclosure documents in her New York City Housing Authority ("Housing Authority") tenant file. Defendants Assanah and the Housing Authority have objected to the proposed discovery and confidentiality order. Williams's complaint includes causes of action for sex discrimination and harassment, negligent hiring and retention, retaliation, intentional infliction of emotional distress, and battery, under various federal, state, and local laws. For the reasons that follow, Williams's motion to compel is **GRANTED, IN PART** and **DENIED, IN PART,** and the parties are directed to enter into a confidentiality order with respect to her tenant file.

## I. DISCUSSION

### A. Motion to Compel

Williams seeks to compel defendant Assanah to respond to certain of her discovery requests, including requests for production of documents, interrogatories, and requests for admission. *See* Plaintiff's Motion to Compel ("Pl.Mot."); Supplemental Affirmation ("Pl. Suppl.Aff."). Though Williams provided Assanah's objections as appendices to her motion to compel, the Court subsequently asked Assanah to file a response to insure that there were no additional issues. Assanah, through a declaration by his attorney in opposition to the motion, confirms either that he has asserted proper objections or that he has sufficiently responded. Declaration of Donovan L. Wickline in Response to Plaintiff's Motion to Compel ("Wickline Decl.") at

2. Williams subsequently filed a motion to strike Assanah's response as untimely. Plaintiff's Affirmation Seeking an Order to Strike Defendant Assanah's Response. Because Assanah's response was requested by the Court and provided no substantive changes in position, it does not alter the Court's analysis of Williams's motion to compel. As a result, Williams's motion to strike this response is **DENIED**.

### 1. Request for Documents

Williams states that Assanah has improperly responded or objected to the following requests for documents:

7. Copies of any and all electronic mail, including attachments, correspondence either from or to Defendant Assanah from August 2001 through January 2002 ...

13. Records regarding your previous employer, record of disciplinary actions, reason(s) for separation from employment.

14. Records regarding any sexual harassment complaints ever filed against you in connection with any previous employment.

Pl. Mot. at 3; Exh. L (Plaintiffs Request for Production of Documents Addressed to Defendant Frederick Assanah–First Set) at 4–5. Williams claims that Assanah's responses are insufficient, and that his objections are either without merit or made in bad faith. Pl. Mot. at 3–4. Assanah asserts that request 7 is overly broad, fails to state with reasonable particularity the information that is being requested, and is not reasonably calculated to lead to the discovery of admissible evidence. Wickline Decl. at 2; Exh. A at 4. He asserts that requests 13 and 14 are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad and burdensome, vague, and in the possession of other entities. Wickline Decl. at 2–3; Exh. A at 5. In any case, he maintains that he does not have the records requested in 13 and 14 in his possession, custody, or control. Wickline Decl. at 2–3.

■ The Court agrees that request 7 is overly broad and burdensome. Williams has failed to justify a wholesale production of e-mails. She has also failed to indicate why there would be relevant information concerning her claims in such e-mails. The Court

need not reach Assanah's arguments with respect to requests 13 and 14 because there is nothing to compel. Assanah, through a declaration made under penalty of perjury by his attorney, has submitted that he has no responsive documents in his custody or control, and Williams presents no evidence to question this position.

Williams's motion to compel production of documents is therefore **DENIED**.

### 2. Interrogatories

Williams asserts that many of Assanah's responses and objections to her interrogatories are frivolous and made in bad faith. Pl. Suppl. Aff. at 1. As examples, Williams points to two such interrogatories:

9. State whether you discussed with the Plaintiff during the relevant time frame, your immediate supervisor, Mike Mastriano.

10. State whether you engaged in extramarital relationships with other women during your employment with the New York City Housing Authority.

*Id.* at 1–2; Exh. P (Plaintiff's Interrogatories Addressed to Defendant–First Set) at 8. Williams notes that interrogatory 10 typifies information that she is seeking regarding Assanah's past conduct, and lists in a footnote other interrogatories that she believes are similar in nature:

11. State whether any of the women were Housing Authority tenants.

12. State the names and addresses of the Housing Authority tenants, if any.

22. State the reason or reasons for your transfer by the Housing Authority from Brooklyn to Manhattan.

23. State the name of the individual responsible for initiating the transfer, and when the transfer occurred.

24. State whether any complaints alleging harassment were filed against you during your tenure with NYCHA in Brooklyn.

26. Whether you have ever engaged in any violence or threatened violence against any former sexual partners, including but not limited to, ex-wives, ex-girlfriends, etc.

27. Names and addresses of any such partners, home and work.

Pl. Suppl. Aff. at 1–2 & n. 1; Exh. P at 8–9. Williams asserts that interrogatory 9 seeks information relevant to her claim. Pl. Suppl. at 2. Although Assanah argues that the question is irrelevant and vague, he does respond that he asked Williams if she had spoken to Mastriano about their relationship. Wickline Decl. at 4; Exh. C at 6. Williams argues that interrogatories 10–12, 22–24, and 26–27 are relevant because they are intended to elicit evidence related to past instances of Assanah's conduct allegedly similar to that at issue in the present case. *See* Pl. Suppl. Aff. at 1–2 & n. 1. Assanah objects to each of these interrogatories, but adds in response to number 24 that the "Defendant is unaware of any complaints filed against him in connection with his employment with the New York City Housing Authority, other than the complaints filed by the Plaintiff in this action." Wickline Decl. at 3–4; Exh. C at 3, 9.

■ For interrogatory 9, the Court finds that Assanah's answer is sufficient since it is directly responsive to Williams's question. For interrogatories 10–12 and 26–27, Williams provides no information that she has a good-faith basis for such inquiries. Moreover, her purported use of the information to show character would be inadmissible. *See* Fed.R.Evid. 404. Finally, for interrogatories 22 and 23, Williams has not established the relevance of a line of inquiry regarding any transfer of Assanah from Brooklyn to Manhattan.

Williams's motion to compel interrogatories is therefore **DENIED**.

### 3. Requests to Admit

■ Williams asserts that "there was no basis for defendant's refusal to admit or deny as required." *See* Pl. Mot. at 4. She does not identify the particular requests that she disputes, but the Court assumes that her motion is directed at requests for which Assanah has asserted objections:

5. That he left answering machine messages on Plaintiff's answering machine.

6. That he was at Plaintiff's apartment on a near daily basis in the A.M. Monday through Friday for a period of months.
7. That he parked his van in the parking lot of the Contract Administration Parking Lot for Housing Authority employees.
10. That he has engaged in extramarital relationships with other women prior to his involvement with the Plaintiff.
11. That he has been disciplined by the Housing Authority for inappropriate conduct.
12. That he has been involved with other female Housing Authority tenants.
14. That Defendant and Plaintiff engaged in relations without protection.
18. That he confronted the Plaintiff regarding his supervisor, Mike Mastriano, having asked him whether he had gone to Plaintiff's apartment to purportedly bring her brackets for her air conditioning, and informed Plaintiff that he had been queried by his supervisor about the matter some two weeks (2) before he asked the Plaintiff about the matter.

*See* Wickline Decl. at 3; Exh. B at 2–5. Assanah objects to requests 5, 6, 7, 11, 14, and 18 as "vague and ambiguous," which he asserts that he "cannot possibly admit or deny." Wickline Decl. at 3. He objects to requests 10 and 12 as both "vague" and "irrelevant." *Id.* While Assanah could arguably attempt to respond to these requests with a "yes" or a "no," the Court finds them fundamentally flawed. With respect to requests 5, 7, 10, and 14, the Court does not see how they are relevant to the claims herein. With respect to requests 11, 12, and 18, the Court finds that they are vague and contain terms that are not clearly defined. For example, in request 12, Williams asks whether Assanah has been "involved" with other female tenants. This may be meant to be a euphemism for some type of intimate relationship, but the term is subject to interpretation. This is not to suggest that the meanings intended by Williams would result in relevant inquiries, but only to point out the difficulty of responding to the requests.

■ On the other hand, the Court finds request 6 capable of response. While Williams does not provide the time frame,

the actions depicted allow Assanah to formulate a reply. He can incorporate any temporal limitation in his response. Moreover, the conduct embodied in the request would be relevant to a claim of harassment by Williams. Assanah must admit or deny request 6. In all other respects, Williams's motion to compel admissions is **DENIED** without prejudice.

## B. Confidentiality Order

Williams also seeks an entry of a confidentiality order governing procedures for handling materials within her tenant file with the Housing Authority. Plaintiff's Motion for Entry of a Confidentiality Order (Pl. Mot. for Confidentiality Order) at 2. The Housing Authority claims that her request is premature, since no document has been disclosed that was not already under seal. *See* Letter from Rappaport to the Court of 3/17/04. As Williams concedes in her application, New York Public Housing Law does not protect her tenant file from public disclosure when the Housing Authority is a party in a case. Pl. Mot. for Confidentiality Order at 3; N.Y. Public Housing Law § 159; *see also Carman Y. Williams v. Florentino Hernandez,* 2003 WL 21664815, at *1, 2003 U.S. Dist. LEXIS 12089, at *3–4 (S.D.N.Y. July 15, 2003). There may be materials in her file, however, that merit confidential treatment. The Court sees no reason to wait until a specific document is put in issue in order to address possible concerns. A confidentiality order was signed by the Court in June 11, 2003, regarding procedures governing Williams's medical records and documents in Assanah's personnel files with the Housing Authority. *See* Confidentiality Order. To preempt public disclosure of confidential materials, the parties are instructed to enter into an agreement regarding any confidential materials in Williams's tenant file using terms in accordance with the previously-entered confidentiality order. Williams's application is therefore **GRANTED** to this extent.

In a letter dated March 11, 2004, in which Williams inquired into the status of her request for a confidentiality order, she again requests that I recuse myself from the case. *See* Letter from Williams to the Court of 3/11/04 at 1–2. I previously denied her application for my recusal on September 25, 2003. *See Williams v. N.Y. City Hous. Auth.,* 287 F.Supp.2d 247 (S.D.N.Y.2003). In her March 11, 2004 letter to the Court, Williams cites the delay in securing a decision on her application for a confidentiality order, as well as my allegedly "disparaging comments" and attacks directed at her during the last conference that she attended, on November 12, 2003, as evidence of my bias against her. *See* Letter from Williams to the Court of 3/11/04 at 1–2. Williams also states that she will be responding to my previous denial of her recusal request. *Id.* at 2. I construe her March 11, 2004 letter as a request for reconsideration. Regarding the delay in resolving her application for a confidentiality order, the Court notes that it did not receive a copy of the moving papers until February 24, 2004. The Court has endeavored to address Williams's application in a timely manner, in conjunction with her other applications to the Court and within the framework of other matters before it. The Court has also reviewed its records of the November 12, 2003, conference attended by Williams, and does not find any evidence of the nature Williams describes. As a result, Williams's request for reconsideration of my recusal is **DENIED**.

Finally, Williams, in a letter dated February 21, 2004, seeks adjournments of any conferences with the Court until the pending motion to dismiss is decided by the Honorable Lawrence M. McKenna. Williams's request is **GRANTED**. Furthermore, discovery is stayed until resolution of the pending motion to dismiss. The parties are directed to submit any responses ordered herein within one week of the stay of discovery being lifted.