NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided June 1, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1436

| | |
|---|---|
| MARLON WATFORD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CV-941 |
| THOMAS LaFOND, et al., *Defendants-Appellees*. | **Michael J. Reagan**, *Chief Judge*. |

**O R D E R**

Marlon Watford, a prisoner in Illinois, appeals the dismissal of his civil rights suit, which the district court dismissed for failure to prosecute and because Watford

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

failed to comply with orders to amend his complaint. Because we conclude that the judge acted within his discretion in dismissing the suit, we affirm the judgment.

In his 58-page complaint, Watford lists five claims against eight named prison officials and six unnamed defendants. His claims touch on numerous aspects of prison life—from the amount of stationery and soap he receives to how his grievances and mail are handled. During initial screening, 28 U.S.C. § 1915(g), the district judge determined that Watford's complaint improperly "buried potentially viable claims in a sea of irrelevancies," see FED. R. CIV. P. 8, and joined "[u]nrelated claims against different defendants," see FED. R. CIV. P. 20. The judge gave Watford 28 days to cure these deficiencies and warned him that failure to amend his complaint would result in the suit's dismissal. Watford responded with a flurry of motions seeking reconsideration of the screening order, a 150-day extension of the amendment deadline, recruitment of counsel, and the judge's recusal (based on Watford's allegation that the judge is biased against pro se litigants). The judge denied each of Watford's motions, but twice extended his amendment deadline by 30 days. Watford did not amend his complaint, and—97 days after screening Watford's original complaint—the judge dismissed the suit with prejudice.

On appeal Watford first argues that the district court abused its discretion when it dismissed the case instead of granting him even more time to amend his complaint because of his pro se status. We disagree. The court twice extended the deadline, warning Watford both times that his suit would be dismissed if he failed to comply with the court's orders. Rather than use the additional time to file an amended complaint, Watford demanded that the judge recuse himself and recruit counsel for Watford. "[E]ven those who are pro se must follow court rules and directives," *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012), so the district judge did not abuse his discretion in dismissing Watford's suit with prejudice when Watford refused to comply with the court's orders.

Watford next contends that the district court should have recruited counsel to assist him in amending his complaint. When deciding whether to recruit counsel for an indigent plaintiff, a court must ask whether the plaintiff (1) made reasonable attempts to obtain counsel, and (2) appears competent to litigant the case pro se. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); see also *Robinson v. Scrogum*, 876 F.3d 923, 925 (7th Cir. 2017). Here the judge acted within his discretion in ruling that appointment of counsel was unwarranted. Even assuming that Watford made reasonable efforts to retain a lawyer, he provided "no information regarding his level of education, language difficulties, medical issues, and mental health issues," making it

impossible for the judge to gauge Watford's competence. See *Pruitt*, 503 F.3d at 654. Moreover, Watford's complaint includes several misjoined claims that should have been brought in separate suits, see *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017), so the true complexity of the case is unclear.

Finally, Watford contends that 28 U.S.C. § 144 required the district judge to refer the recusal motion to a different judge. But Watford did not attach to his motion an affidavit detailing the nature of the judge's alleged biases, as § 144 requires. See *Carlson v. Bukovic*, 621 F.3d 610, 623 (7th Cir. 2010); *Tezak v. United States*, 256 F.3d 702, 716–17 (7th Cir. 2001). And without counsel Watford could not have complied with the statute's additional requirement that counsel of record certify that the affidavit is filed in good faith. See *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017); *Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942) (requirement for certificate by counsel is essential safeguard to prevent abuse of § 144); *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996). Moreover, Watford's reasons for seeking the judge's recusal amount to nothing more than his dissatisfaction with the judge's rulings, and "judicial rulings alone almost never constitute a valid basis" for showing bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994*); In re Nora*, 778 F.3d 662, 666 (7th Cir. 2015). Thus, the district judge did not abuse his discretion when he declined to recuse himself.

AFFIRMED.